ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

APR 14 2026

KEVIN P. WEIMER, Clerk
By_____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *v.* | Criminal Indictment |
| DARYL WAYNE STAMEY, SR. AND STEVEN GRAY | No. 4:26CR-0011 |

THE GRAND JURY CHARGES THAT:

### Count One
### (Receiving Explosive Material Without a License)

Between on or about November 15, 2024, and on or about July 15, 2025, in the Northern District of Georgia, the defendant, DARYL WAYNE STAMEY, SR., not being a licensee or permittee under Chapter 40, Title 18, United States Code, knowingly received explosive materials, that is, a perchlorate explosive mixture consisting of potassium perchlorate and aluminum, in violation of Title 18, United States Code, Section 842(a)(3)(A).

### Count Two
### (Improper Storage of Explosive Material)

On or about July 15, 2025, in the Northern District of Georgia, the defendant, DARYL WAYNE STAMEY, SR., knowingly stored explosive material in a manner not in conformity with regulations promulgated by the Attorney General pursuant to 18 U.S.C. § 847, in that he stored explosive materials at his business at 1807 Hull Avenue Rome, Georgia, said location then not conforming with the

requirements of either Type 1 or Type 2 storage facilities, in violation of Title 18, United States Code, Section 842(j) and 27 C.F.R. § 555.201, et seq.

### Count Three
### (Unlawful Dealing in Explosive Materials)

Between on or about November 15, 2024, and on or about July 16, 2025, in the Northern District of Georgia, the defendant, STEVEN GRAY, not being licensed as required under Chapter 40, Title 18, United States Code, knowingly engaged in the business of importing, manufacturing, and dealing in explosive materials, namely, a perchlorate explosive mixture of potassium perchlorate and aluminum, in violation of Title 18, United States Code, Section 842(a)(1).

### Count Four
### (Unlawful Distribution of Explosive Materials)

Between on or about November 15, 2024, and on or about July 15, 2025, in the Northern District of Georgia, the defendant, STEVEN GRAY, knowingly distributed explosive materials, that is, a perchlorate explosive mixture consisting of potassium perchlorate and aluminum, to another person who was not a licensee or permittee under Chapter 40, Title 18, United States Code, in violation of Title 18, United States Code, Section 842(a)(3)(B).

### Count Five
### (Improper Storage of Explosive Material)

On or about July 16, 2025, in the Northern District of Georgia, the defendant, STEVEN GRAY, knowingly stored explosive material in a manner not in conformity with regulations promulgated by the Attorney General pursuant to 18 U.S.C. § 847, in that he stored explosive material at his residence at 3436

Turkey Mountain Road Northeast, Rome, Georgia, said residence then not conforming with the requirements of either Type 1 or Type 2 storage facilities, in violation of Title 18, United States Code, Section 842(j), and 27 C.F.R. § 555.201, et seq.

### Count Six
### (Unlawful Possession of a Destructive Device)

On or about July 16, 2025, in the Northern District of Georgia, the defendant, STEVEN GRAY knowingly possessed a firearm, as defined in Title 26, United States Code, Sections 5845(a) and (f), that is, a destructive device, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

### Forfeiture Provision

Upon conviction of one or more offenses alleged in Counts One through Five of this Indictment, the defendants, STEVEN GRAY and DARYL WAYNE STAMEY, SR., shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of said violations or traceable to said violations and pursuant to Title 18, United States Code, Section 844(c), any explosive materials involved or used or intended to be used in said violations. The property to be forfeited includes, but is not limited to, the following:

(a) MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offense alleged in Counts One through Five of this Indictment.

3

Upon conviction of Count Six of this Indictment, the defendant, STEVEN GRAY, shall forfeit to the United States of America, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), any firearms involved in or used in the commission of the offense.

If any of the property described above, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

A _____ BILL

_____
FOREPERSON

THEODORE S. HERTZBERG
UNITED STATES ATTORNEY

*Dashene A. Cooper*
DASHENE A. COOPER
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 385738

4

600 U.S. COURTHOUSE
75 TED TURNER DRIVE SW
ATLANTA, GA 30303
404-581-6000; FAX: 404-581-6181